# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD C. SAVONA,<br><br>                                                 Plaintiff,<br>  vs.<br>UNITED STATES OF AMERICA,<br><br>                                                 Defendant. | **CASE NO. 06CV1365 IEG (WMc)**<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY ADJUDICATION**<br>[Doc. No. 47, 48, 49] |
| UNITED STATES OF AMERICA,<br>                          Counterclaim Plaintiff<br>  vs.<br>RONALD C. SAVONA and KEITH M. CHRISTIAN,<br><br>                          Counterclaim Defendants. | |

Presently before the Court is the Government's Motion for Summary Adjudication. For the following reasons, the Court **DENIES** the Government's motion.

**Background**

**A.     Factual Background**

This matter involves the assessment of civil penalties against Ronald C. Savona and Keith M. Christian pursuant to 26 U.S. C. § 6672.

Christian and Savona served in various executive capacities for Eco Building Systems Inc. ("Eco") during 2001 and 2002. On October 13, 2005, the Internal Revenue Service ("IRS") made an

assessment of liability arising under 26 U.S.C. § 6672 against Savona, alleging a willful failure to collect, truthfully account for, and pay over the withheld income taxes of Eco employees for tax periods in 2001 and 2002. On March 29, 2004, the I.R.S. made an identical assessment against Christian.

**B.     Procedural Background**

On July 5, 2006, Savona filed his complaint, asserting the IRS's assessment of tax liability against him was improper since, under section 6672, he was not a "responsible person,"—i.e., a person responsible for the payment of withheld taxes—nor had he acted willfully with respect to any failure of Eco to satisfy its tax liability. (Doc. No. 1.) Savona seeks a refund of amounts paid and a full abatement of the assessment against him. On September 6, 2006, the Government filed an answer in which it denies Savona's allegation that the assessments are improper. (Doc. No. 4.) In addition, the Government asserts counterclaims against both Savona and Christian for the balance of the tax assessments that remain unpaid. (Id.) On October 30, 2006, Savona and Christian answered, denying the validity of the assessments and liability under 26 U.S.C. 6672. (Doc. No. 7; Doc. No. 12) On June 29, 2007, the Government filed a motion for summary judgment on its counterclaims against Savona and Christian. In an Order dated October 15, 2007, this Court granted summary judgment in favor of the Government as to Christian, finding that he was a "responsible person" with respect to unpaid tax liabilities and that he acted willfully in failing to pay withheld taxes. The Court, however, denied the Government's motion for summary judgment with respect to Savona, finding a genuine issue of material fact existed as to both the responsibility and willfulness prongs.

On February 15, 2008, the Government filed a Motion for Summary Adjudication, asking the Court to make a finding that, if it is determined at trial that Savona was a responsible person, the United States is entitled to judgment against Savona because he has no defense to the willfulness prong of 26 U.S.C. § 6672. (Doc. No. 47.) On March 15, 2008, Savona filed an opposition. (Doc. No. 48.) On April 1, 2008, the Government filed a reply. (Doc. No. 49.) The Court finds the matter fully briefed and amenable for disposition without oral argument pursuant to Local Rule 7.1(d)(1).

//

//

**Discussion**

As explained in the Court's prior order, willfulness, under § 6672, has long been defined as "a voluntary, conscious and intentional act to prefer other creditors over the United States." Purcell v. United States, 1 F.3d 932, 938 (9th Cir. 1993) (quoting Davis v. United States, 961 F.2d 867, 871 (9th Cir. 1992)). Willfulness does not require the intent to defraud the government or any other bad motive. Davis, 961 F.2d at 871. Rather, any deliberate decision to use corporate funds after receiving knowledge of a payroll tax deficiency "falls within the literal terms of this Circuit's definition of willfulness." Id.

i.    Parties' Arguments

The Government argues willfulness has been established because there is no dispute that Savona learned of Eco's outstanding federal payroll taxes through his position as a company executive and member of the company's board but then failed to use his authority to sign checks to settle the liability before any creditors were paid. This failure, argues the Government, constitutes a voluntary, conscious, and intentional act to prefer other creditors to the Government under the case law of the Ninth Circuit.

In his opposition, Savona argues the Government has failed to submit evidence indicating how he specifically preferred other creditors of Eco over the IRS.

ii.    Analysis

Unlike the numerous cases the Government cites to demonstrate the broad category of conduct which satisfies the willfulness prong under 6672 and in which the targeted executive did not dispute his own direct involvement in authorizing, directing, or affecting payment to creditors other than the IRS, see e.g., Purcell, 1 F.3d 932; Davis, 96 F.2d at 876; Buffalow v. United States, 109 F.3d at 570 (9th Cir. 1997), there is a dispute in this case as to whether Savona directed, approved of, or personally affected the use of corporate funds to pay expenses other than the outstanding tax liability. While a finding in the Government's favor on the "responsible person" prong would establish Savona had authority and/or the ability to direct payments to the IRS, this would not, by itself, establish that Savona voluntarily, consciously, and intentionally acted to prefer other creditors and withhold such payments from the IRS. See United States v. Leuschner, 336 F.2d 246, 248 (9th Cir. 1964) (finding

1  that where company executive, a responsible person under 6672, did not know that the company
2  accountant was failing to pay over withholding taxes to the IRS, a fact issue existed as to willfulness
3  since the facts allowed for the possibility that the executive was merely negligent). Savona denies that
4  he committed an act preferring other creditors. To the extent the Government relies on his mere
5  knowledge of the outstanding tax liabilities—coupled with an affirmative finding with regard to
6  responsibility—to establish willfulness, the Court rejects the Government's argument. The Court
7  concludes that even if Savona is found to have been a "responsible person," a genuine issue of
8  material fact exists as to whether he undertook a voluntary, conscious, and intentional act to prefer
9  other creditors to the IRS.[1]

## Conclusion

For the foregoing reasons, the Government's Motion for Summary Adjudication is **DENIED**.

**IT IS SO ORDERED**.

DATED: April 21, 2008

*(signature)*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

---

[1] The Court notes the existence of some inconsistency in the case law on the issue of which party has the burden of proof with regards to willfulness under section 6672. Compare United States v. Jones, 33 F.3d 1137, 1139 (9th Cir. 1994) (noting that in a prosecution under section 6672, the individual against whom an assessment is made bears the burden of proving by a preponderance of the evidence that one or both of [the elements of responsibility and willfulness] is not present) with Klotz v. United States, 602 F.2d 920, 925 (9th Cir. 1979) ("[T]he Government must prove more than mere negligence [in order to establish willfulness under section 6672]") (emphasis added) and United States v. Phillips, 73 F.3d 939, 942 (9th Cir. 1996) (repeating the Klotz quotation uncritically). In either event, whether the burden be with the Government or Savona, a triable issue of material fact exists as to whether Savona's actions after learning of the tax liability constituted a voluntary, conscious, and intentional act to prefer Eco creditors over the IRS.